UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2:19-CR-196-005 |
| v. | ) | JUDGE GREER |
| | ) | |
| | ) | |
| DAVID MICHAEL GARBER | ) | |

SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum in compliance with the Court's Order.

On August 10, 2020, the defendant pleaded guilty to Count One of the Indictment, charging him with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The Presentence Investigative Report (PSR) prepared by U.S. Probation establishes a guideline range of 140 months to 175 months imprisonment, based on a total offense level of 29 and a criminal history category of V.

The United States believes that the advisory guideline range adequately considers the sentencing factors enumerated in 18 U.S.C. §3553(a), and that a sentence near the top of the guideline range will be sufficient, but not greater than necessary to fulfill the purposes of sentencing set forth in 18 U.S.C. § 3353(a)(2).

The following factors enumerated in 18 U.S.C. § 3553(a) are relevant to the sentencing of this defendant:

A.    Nature and circumstances of the offense.

Defendant was a member of a large-scale methamphetamine trafficking organization led by co-defendant Joshua Davis. During the course of the investigation, multiple co-conspirators, as well as Confidential Sources, provided information to law enforcement regarding Defendant's involvement in purchasing and distributing large quantities of methamphetamine, ranging from "eight-ball" (3.5 grams) quantities, ounce quantities, on up to one-half pound quantities on at least four occasions. Defendant was described as a "multi-ounce level dealer" by his co-conspirators and other sources. Defendant's drug distribution activities were further corroborated by multiple text messages retrieved from several of his co-defendant's cell phones during the course of the investigation. On November 21, 2019, Defendant was arrested by the Sullivan County Sheriff's Department. At the time of his arrest, Defendant was in possession of 9.5 grams of methamphetamine, as well as cocaine and marijuana. In Defendant's plea agreement, he is held accountable for at least 150 grams but less than 500 grams of actual methamphetamine or "Ice."

B.    History and characteristics of the defendant.

The presentence report accurately reflects the history and characteristics of the defendant. The defendant's criminal history evidences a long history of violent conduct, including multiple assaults in which the defendant inflicted or attempted to inflict serious bodily injury. Most of these incidences involved the violent use of weapons, such as knives, brass knuckles, baseball bats, and other similar items. Additionally, the defendant's history also reflects a history of drug and alcohol abuse, including prolonged cocaine use.

C.    Need for the sentence imposed to:

    1.    To reflect the seriousness of the offense, promote respect for the law, and

2

Case 2:19-cr-00196-JRG-CRW   Document 684   Filed 12/02/20   Page 2 of 4   PageID #: 4965

provide just punishment.

A sentence near the top of the advisory guideline sentence would sufficiently reflect the seriousness of the offense, promote respect for the law and provide just punishment.

2. Need to afford adequate deterrence to criminal conduct.

A sentence near the top of the guideline range will have the effect of deterring criminal conduct, discouraging this defendant and others from involvement in the commission of these type offenses. Considering the epidemic levels of methamphetamine distribution within the Eastern District of Tennessee and the resulting detriment to the community, a clear message needs to be sent that this behavior will not be tolerated.

3. Need to protect the public from further crimes of the defendant.

The defendant's conduct, with respect to his prior convictions, reflects that prior sentences have not gotten the defendant's attention and the risk of continued recidivism is significant. Notably, on one occasion while incarcerated in the Tennessee Department of Corrections, defendant was charged with six disciplinary infractions.

4. Need to provide educational or vocational training, medical care, or correctional treatment in the most effective manner.

The defendant has a significant history of drug abuse. In addition, the defendant was previously diagnosed with having a Bi-Polar disorder, as well as social anxiety and social phobia disorders. It is hoped that defendant will participate in intensive drug abuse treatment and mental health treatment while in BOP custody. The defendant's ability to be a productive member of society will require that these issues are sufficiently addressed.

D. Kinds of sentences available and sentencing range established by the guidelines.

The presentence report correctly describes the guideline range as well as the sentences

available.

     E.    <u>Need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct.</u>

The imposition of a guidelines sentence will avoid unwarranted sentence disparities.

     F.    <u>Need to provide restitution and order a monetary fine.</u>

No claim for restitution has been made.

     G.    <u>Conclusion.</u>

For the foregoing reasons, the United States submits that the defendant should be sentenced to a sentence near the top of the advisory guideline sentencing range, and that such a sentence will be sufficient, but not greater than necessary to meet the objectives set forth in 18 U.S.C. § 3553(a).

                                      Respectfully submitted,

                                      J. DOUGLAS OVERBEY
                                    United States Attorney

By:    s/ *J. Gregory Bowman*
                                      J. GREGORY BOWMAN
                                      Assistant U.S. Attorney
                                      BPR# 017896
                                      220 West Depot Street, Ste. 423
                                      Greeneville, TN  37743
                                      (423) 639-6759
                                      Greg.Bowman@usdoj.gov